

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXX
XXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. M.O. Flowers
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. 0-2038
Re: Filing fee for renewal of railroad com-
pany charter.

This will acknowledge receipt of your letter of March 1, 1940, in which you seek the opinion of this department on the proposition of the correct filing fee to be charged a railroad corporation upon the filing of a renewal where the charter thereof had expired by lapse of time.

Article 6268, Title 112, Revised Civil Statutes of Texas, 1925, authorizes the renewal of a charter of a railroad company. This article is silent as to the amount of the fee to be charged therefor.

Article 3914, Revised Civil Statutes of Texas, 1925, provides the fees to be charged by the Secretary of State for the filing of the various instruments required by law to be filed in that office. Paragraph one thereof reads:

"Upon filing each charter, amendment, or supplement thereto of a channel and dock, railroad, magnetic telegraph line, street railway or express corporation, a filing fee of Two Hundred ($200.00) Dollars, provided, that if the authorized capital stock exceeds One Hundred Thousand ($100,000.00) Dollars, an additional filing fee of Fifty Cents for each One Thousand ($1,000.00) Dollars authorized capital stock or fractional part thereof, after the first One Hundred Thousand ($100,000.00) Dollars, shall be paid."

Article 1315(a), Revised Civil Statutes of Texas, 1925, deals with the right of private corporations organized under Title 32, Revised Civil Statutes, to renew their charters. The same reads:

"Subject to a finding by the Secretary of State as hereinafter provided, any private corporation organized or incorporated for any purpose or purposes authorized under this Title, at any time within ten (10) years prior to the expiration of its charter, or any extension thereof, may extend such charter and the corporate existence of such corporation for an additional period of

not to exceed fifty (50) years from the expiration date
of the original charter, or any extension thereof, with
all the privileges, powers, immunities, right of succes-
sion by its corporate name, and rights of property, real
and personal, exercised and held by it at such expiration
date, to the same intents and purposes as upon original
incorporation.  The manner of extending any such charter
shall be by a resolution in writing, adopted at any annual
or special meeting of stockholders called for that pur-
pose by stockholders holding a majority of the shares of
capital stock of such corporation then outstanding, such
resolution to specify the period of time for which the
charter is extended, and a copy of such resolution, duly
certified by the secretary of the corporation, under the
corporate seal, shall be filed and recorded in the office
of the Secretary of State.  Upon the adoption of such res-
olution and the filing of a certified copy thereof with
the Secretary of State, together with payment of the filing
fee herein prescribed, the charter and corporate existence
of such corporation may be extended for the additional
period of time recited in such resolution.  The filing fee
to be paid for any such extension of a charter shall be
such fee as said corporation would be required under the
Statutes of Texas to pay in the event it was then applying
for a new charter instead of extending its then existing
charter.

"Such extensions, however, may be made only in
instances where the Secretary of State shall have found,
after proper investigation, that such corporation is
solvent and its capital unimpaired."

The above quoted article was passed at the regular session
of the 45th Legislature.  Thereafter, at the first called session of the
same Legislature, Article 1315(b) was passed, making Article 1315(a),
supra, apply to all private corporations.  It reads:

"The provisions of Article 1315(a) shall extend
to and include all private corporations incorporated
under the general laws of Texas.  The period of ten (10)
years prior to the expiration of the charter or any ex-
tension thereof referred to in Article 1315(a) shall in-
clude the period of time during which such corporation
may have continued its existence under the provisions of
Article 1389 of the Revised Civil Statutes of 1925."

That portion of Article 3914, supra, with which we are here
concerned is a general statute providing for the collection of filing fees
by the Secretary of State for the filing of "...each charter, amendment, or
supplement thereto."  Whereas, Articles 1315(a) and 1315(b), supra, are
special statutes dealing with the sole subject of renewals of charters.  It
is our opinion that there is no conflict between Articles 3914, 1315(a) and
1315(b), supra.  The latter articles merely make provision for something
not specifically covered by Article 3914.

Article 1315(a) provides that:

".....The filing fee to be paid for any such extension of a charter shall be such fee as said corporation would be required under the Statutes of Texas to pay in the event it was then applying for a new charter instead of extending its then existing charter...."

This provision is made applicable to railroad corporations by the terms of Article 1315(b), supra. Such provision necessarily refers us to Article 3914, supra, for a determination of the correct fee to be charged. The filing fee required by such article for a new charter is Two Hundred ($200) Dollars plus Fifty cents (50¢) for each One Thousand ($1,000) Dollars capital stock of fractional part thereof over and above the first One Hundred Thousand ($100,000) Dollars. We believe this to be the proper basis for calculating the filing fee to be paid upon the filing of a renewal or extension of a railroad company charter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Lloyd Armstrong
   Lloyd Armstrong
   Assistant

LA:AW:wc


APPROVED MARCH 30, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee by s/BWB Chairman